

Signed and Filed: April 22, 2009

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 04-32952 TEC 7 |
| FLETCHER HARTWELL HYLER, | ) | Chapter 7 |
| Debtor. | ) | |
| ANDREA A WIRUM, chapter 7 trustee, | ) | Adv. Proc. No. 07-3110 |
| Plaintiff, | ) | |
| vs. | ) | |
| SHERYL S. ROOT-HYLER, aka SHERYL ROOT, A.R. WILSON, JR. aka RAYDON WILSON, FLETCHER HARTWELL HYLER, aka BUD HYLER, and EXTRA STORAGE, | ) | |
| Defendants. | ) | |

**MEMORANDUM RE DEBTOR'S MOTION TO SET ASIDE STIPULATION FILED APRIL 22, 2008, ORDER FILED APRIL 30, 2008, AND ORDER FILED OCTOBER 24, 2008**

For the following reasons, I determine that Debtor has not established a legal basis to set aside from the April 22, 2008 stipulation, the April 20, 2008 order, or the October 24, 2008 order. This memorandum constitutes the court's findings of fact and conclusions of law.

**FACTS**

On October 2, 2007, the chapter 7 trustee filed a complaint against Debtor, Sheryl Root-Hyler (Debtor's wife), and A.R. Wilson, Jr. (Ms. Root-Hyler's father) for declaratory relief, turnover, and an injunction regarding the estate's interest in artwork, jewelry, and furniture specifically identified in forty-nine pages of exhibits to the complaint (the Personal Property). The complaint alleges, *inter alia*, that Ms. Root claims the personal property as her separate property, and that Defendants placed the Personal Property in a storage facility in Redwood City.

On October 10, 2007, the court entered an order granting permanent injunction, pursuant to which Defendants are enjoined from transferring the Personal Property.

In April 2008, after negotiation between the trustee and Defendants, all of the parties to the adversary proceeding and their counsel executed a stipulation (Stipulation). (Linchey Decl., Exhs. C-J). The Stipulation defines personal property as "the personal property identified in the complaint. . . including the personal property located at [the storage unit]." The Stipulation provides that, following entry of an order approving the Stipulation, "the Trustee shall take custody of the personal property". (¶ 3). The Stipulation authorizes the trustee, after

-2-

court approval upon proper notice, to sell the Personal Property "free and clear of any interest therein of the Defendants with such interest . . . to attach to the net proceeds of sale to the same nature, extent, validity, and priority as such interest holds with regard to the Personal Property." (Id., ¶3). The Stipulation provides that the trustee may employ, with court approval, auctioneers or other professionals to liquidate the Personal Property. (Id.) The Stipulation further provides that the trustee shall hold the sale proceeds until disposition of the adversary proceeding. (Id.) The Stipulation requires the trustee to sell the Personal Property at a public or private auction, and provides Defendants with the right to overbid at either type of auction. (Id., ¶ 4).

The court signed an order approving the Stipulation on April 30, 2008.

On September 26, 2008, the trustee filed and served a motion for sanctions and to enforce the Stipulation and related order. The motion was served on Debtor and Ms. Root by mail at 16 Arastradero Road, Portola Valley, CA 94028. The motion alleges that, in July 2008, the trustee found a prospective wine auctioneer and notified the storage facility that the trustee was ready to take custody of the wine located in the storage unit. The motion alleges that Debtor's counsel agreed to turnover the storage unit keys to trustee's counsel, but that the keys were never turned over.

The motion was not contested. On October 24, 2008, the court signed an Order Granting Trustee's Motion to Enforce Stipulation.

The order authorizes trustee to take possession of the Personal Property from two storage units.

DISCUSSION

    1. Debtor has not established legal basis for setting aside the Stipulation

The enforceability of a stipulation is analyzed under general contract principles. In re Martinez, 393 B.R. 27, 32 (Bankr. D. Nev. 2008); Los Angeles City School Dist. of Los Angeles County v. Landier Mgmt. Co., 177 Cal. App. 2d 744, 750-51 (1960). In California, a party may rescind a contract based upon a unilateral mistake if "the effect of the mistake is such that enforcement of the contract would be unconscionable." Donovan v. RRL Corp., 26 Cal. 4th 261, 281 (2001); Cal. Civ. Code § 1689(b)(1). Debtor contends that the Stipulation should be set aside because he misunderstood what property was to be sold and the manner of sale. Assuming this is so, Debtor has not established a valid legal basis for rescinding the Stipulation, because he does not contend that his mistake makes enforcement of the contract unconscionable, nor does it appear from the undisputed facts that he could establish unconscionability.

The Stipulation expressly identifies the property to be sold and provides that the parties' ownership interests will attach to the sale proceeds. The Stipulation does not affect any exemption rights Debtor may have, or deprive Debtor of a property interest. If trustee sells the Personal Property, Debtor will have the opportunity to object to the sale and the sale terms. Thus, enforcement of the Stipulation is not unconscionable. Donovan, 26 Cal. 4th at 291 (unconscionable contract ordinarily involves

-4-

oppression or surprise due to unequal bargaining power and overly harsh results).

    2. Debtor has not established a basis to set aside the orders

    Rule 60(b) applies to determine whether a court may relieve a party or its legal representative from a final order. Fed. R. Bankr. Proc. 9024. Rule 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final . . . order for the following reasons: (1) mistake . . . or excusable neglect." Rule 60(b) relief is an extraordinary remedy that should be granted only in exceptional circumstances. <u>Sellers v. Mineta</u>, 350 F.3d 706, 716 (8th Cir. 2003); <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1009 (10th Cir. 2000); <u>Jones v. Lincoln Elec. Co.</u>, 188 F.3d 709, 732 (7th Cir. 1999).

    A party seeking relief from a final order has the burden of demonstrating such relief is appropriate. <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001). In determining whether relief from a final order is appropriate, a court must balance the interests of litigants and courts in the finality of the order with the overriding judicial goal of deciding a case on its merits. <u>Id.</u>

    A motion for relief based on mistake (or excusable neglect) must be brought within a "reasonable time" and if based on Rule 60(b)(1), no more than one year after entry of the judgment. Fed. R. Civ. Proc. 60(b). In determining the timeliness of the motion, the court must consider the interest in finality, the reason for the delay, the moving party's ability to have brought the motion

earlier, and the prejudice to the parties. <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981).

    a. April 30, 2008 order

Debtor contends that the April 30, 2008 order should be set aside due to Debtor's unilateral mistake regarding what personal property would be affected by the Stipulation and sold by the trustee. Debtor's mistake regarding the effect of the Stipulation is not a basis under Rule 60(b)(1) for setting aside the order, because Debtor failed to establish a valid state-law basis for setting aside the underlying Stipulation. <u>Cf.</u> <u>Blair v. Shanahan</u>, 795 F.Supp. 309, 315 (N.D. Cal. 1992), modified on other grounds, 38 F.3d 1514 (9th Cir. 1994) (adopting Sixth Circuit rule that Rule 60(b) will not provide relief for unilateral mistake re consent decree).

    b. October 24, 2008 order

Debtor argues that the October 24, 2008 order should be set aside because he was not aware of the trustee's motion and, thus, did not attend the hearing due to inadvertence or excusable neglect. The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. <u>Bateman v. U.S. Postal Service</u>, 231 F.3d 1220, 1223-34 (9th Cir. 2000).

Debtor has not established that his neglect in failing to oppose the motion to compel is excusable. Trustee served the motion on Debtor at his last known address. (Linchey Decl., ¶ 41).

-6-

Trustee presumably did not serve the motion on the Portola Valley residence listed as Debtor's address on his voluntary petition, because Debtor lost that property through foreclosure. See July 3, 2007 Order Granting Relief from Stay). Debtor cannot complain of his failure to receive notice when, in violation of his duty to file an address change with the court, he has not filed a change of address. FRBP 4002(5).[1]

Nor do the other factors re excusable neglect support relief from the order under Rule 60(b). Six months have elapsed between entry of the order and the hearing on the motion to set it aside. Debtor offers no explanation as to why the motion could not have been filed sooner. Furthermore, there may be a danger of prejudice in returning the parties to the status quo ante, because the market for fine wine and fine art may have worsened since entry of the October order.

3. Debtor has not standing to assert the property rights of the other Defendants

Debtor has no standing to assert the property rights of Wilson or Root-Hyler because the impact of the Stipulation and orders on these individuals does not directly and adversely affect Debtor. In re Fondiller, 707 F.2d 441, 443 (9th Cir. 1983).

4. Debtor has not asserted a basis to compel the trustee to release the Personal Property.

The parties' dispute regarding what of the Personal Property is property of the estate, and whether such Property is subject to

---

[1] The numbering of this rule was modified as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Because this case was filed before the effective date of the rule amendment, the court provides the pre-BAPCPA citation.

-7-

a valid claim of exemption will be resolved via this adversary proceeding, after the Property is sold pursuant to the Stipulation, and trustee files an amended compliant to include a declaratory relief claim against Mr. Wilson regarding his alleged ownership interest in the Property. (Stipulation, ¶ 5).

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Scott J. Sagaria, Esq.
Patrick Calhou, Esq.
333 W. San Carlos St., Ste. 1625
San Jose, CA 95110

Daniel M. Linchey, Esq.
Goldberg, Stinnett, Meyers and Davis
44 Montgomery Street, Suite 2900
San Francisco, CA 94104